Filed 9/8/25  P. v. Santos CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>TAURINO JOSE SANTOS,<br><br>　　Defendant and Appellant. | D084629<br><br><br>(Super. Ct. No. SCD276196) |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Taurino Jose Santos appeals from a judgment following bench trial recommitting him as an offender with mental health disorder (OMHD) under

Penal Code sections 2970 and 2972.[1]  His counsel submitted a brief pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Taylor* (2008) 160 Cal.App.4th 304, stating he found no arguable issues on appeal.  He urged this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  We granted Santos the opportunity to file a supplemental brief on his own behalf and he has not done so.  As explained below, we conclude there is no reversible error and therefore affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Santos pled guilty to one count of felonious assault by means likely to produce great bodily injury.  (§ 245, subd. (a)(4).)  The court sentenced Santos to a total prison term of eight years.

In 2022, Santos was committed to the Department of State Hospitals as an OMHD under section 2962.  In 2024, prior to Santos's parole termination date, the People sought a one-year extension of Santos's commitment under sections 2970 and 2972.  In support of the April 2024 petition, the People attached an affidavit from the medical director of a state hospital.  The medical director opined that Santos's severe mental disorder was not in remission and necessitated continued treatment under section 2970.  A psychologist working at the state hospital confirmed the medical director's opinion, detailing Santos's Schizoaffective Disorder, Bipolar Type.

Santos denied the allegations in the petition and requested a bench trial.  The court appointed two doctors to examine Santos and provide opinions about whether his commitment should be extended.  Both doctors

---

[1]    Further undesignated statutory references are to the Penal Code. OMHD prisoners were previously referred to as mentally disordered offenders or MDOs, but the Legislature changed the terminology in 2019. (*People v. McCray* (2023) 98 Cal.App.5th 260, 264, fn. 1.)

agreed that Santos suffered from a severe mental disorder. In contravention of the majority opinion, one of the examining doctors believed Santos's symptoms of Schizoaffective Disorder, Bipolar Type, to be in remission. However, all three doctors opined that Santos remained a danger and recommended recommitment to a state hospital. They cited a series of outbursts in the preceding year and a history of relapses. Finally, Santos testified, asserting his symptoms were controlled and he participated in a variety of supportive programs. He described his medication as helpful, but admitted to getting in a series of fights at the hospital. Santos described a plan to access care and requested release.

Ultimately, the court determined the petition's allegations were true and recommitted Santos to the Department of State Hospitals for an additional one year term, until August 11, 2025.

## DISCUSSION

Santos's appointed counsel filed a brief under the authority of *Wende, supra*, 25 Cal.3d 436, setting forth a statement of the case and a summary of the facts and procedural history. Counsel raised no specific issues on appeal, urging this court to conduct an independent review of the record pursuant to *Ben C., supra*. Nor has Santos set forth any specific argument that there was reversible error. We have independently reviewed the record pursuant to *Ben C.* and have not found any reasonable arguable appellate issues. Competent counsel has represented Santos on appeal.

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.